United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUSTAVO J. GUTIERREZ, et al., <br><br> Defendants. | Case No. 22-cv-05793-BLF <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** <br><br> [Re: ECF No. 22] |

Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media has moved for entry of default judgment against Defendants Gustavo J. Gutierrez, individually and d/b/a Mangos Mexican Grill a/k/a Mangos Con Sabor a Columbia and Mangos Mexican Grill LLC, an unknown business entity d/b/a Mangos Mexican Grill a/k/a Mangos Con Sabor a Colombia ("Defendants"). Plaintiff seeks damages for Defendants' alleged unlawful interception and broadcast of a soccer match at Defendants' establishment. The Court finds this matter suitable for submission without oral argument and hereby VACATES the motion hearing set for July 6, 2023. *See* Civ. L.R. 7-1(b). For the following reasons, the Motion for Default Judgment is GRANTED IN PART.

**I.   BACKGROUND**

Plaintiff is a commercial distributor and licensor of closed-circuit sporting events. ECF No. 2 ("Compl.") ¶ 21. By contract, Plaintiff secured the exclusive nationwide commercial distribution (closed-circuit) rights to the *Brazil v. Columbia Soccer Match* event ("Program"), which was telecast nationwide on Sunday, October 10, 2021. Compl. ¶ 18. In order to lawfully air the Program in a commercial setting, commercial entities were required to enter sublicensing agreements with Plaintiff and pay the associated licensing fees. Compl. ¶¶ 19-20.

On Sunday, October 10, 2021, investigator Mario Galvez observed the alleged unlawful

1  exhibition of the Program at Defendants' commercial establishment, Mangos Mexican Grill,
2  located in San Jose, California. Declaration of Affiant, ECF No. 22-2 ("Affiant Decl.") at 2.
3  Based on Galvez's observations, Plaintiff alleges that Defendants intercepted the Program
4  unlawfully and intentionally exhibited it for the purpose of "direct and/or indirect commercial
5  advantage and/or private financial gain." Compl. ¶¶ 23-25.

6        In his Declaration, Galvez states that Mangos Mexican Grill has a capacity of 25 to 30
7  people. Affiant Decl. at 2. Galvez observed six television screens ranging from 50 to 60 inches in
8  size spaced throughout the sports bar, which was on the second floor above the restaurant area.
9  Affiant Decl. at 2. In the 11 minutes that he spent in the bar, Galvez conducted three head counts
10 of patrons inside the establishment, counting 10 patrons each time. Affiant Decl. at 2. Galvez's
11 Declaration does not indicate how many patrons were watching the Program. He states that he
12 was not required to pay to enter the establishment. Affiant Decl. at 2. There are no allegations of
13 increased food or drink prices during the Program. Plaintiff also does not allege that Mangos
14 Mexican Grill is a repeat offender of the alleged unlawful conduct. *See generally* Compl.

15       Plaintiff filed suit against Defendants on October 6, 2022. *See* Compl. Plaintiff has
16 alleged four causes of action: (1) violation of the Federal Communications Act, 47 U.S.C. § 605;
17 (2) violation of the Cable and Television Consumer Protection Act, 47 U.S.C. § 553; (3)
18 conversion; (4) violation of the California Unfair Competition Law, California Business and
19 Professions Code § 17200. Compl. ¶¶ 17-49. Defendants have failed to appear or otherwise
20 respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil
21 Procedure. On January 4, 2023, Plaintiff filed a request for entry of default judgment. ECF No.
22 16. The Clerk of the Court entered default against Defendants on January 9, 2023. ECF No. 17.

23       Plaintiff now seeks default judgment as to its claims under 47 U.S.C. § 553 and for
24 conversion. *See* ECF No. 22 ("Mot."). Plaintiff requests the following relief: (1) $2,500 in
25 statutory damages for violation of 47 U.S.C. § 553(c)(3)(A)(ii); (2) $15,000 in statutory damages
26 for violation of 47 U.S.C. § 553(c)(3)(B); and (3) $550 in damages for conversion under
27 California Civil Code § 3336. *See* Mot. at 3; ECF No. 22-1 ("Mem."). Plaintiff does not seek
28 default judgment as to its claims under 47 U.S.C. § 605 or California Business and Professions

1  Code § 17200.  *See* Mot.

## II. LEGAL STANDARD

After entry of default, a court may, in its discretion, enter default judgment.  *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Before entering default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested.  *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4-5 (N.D. Cal. Feb. 12, 2013).  The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant.  *Id*. at *3-4.

If the Court concludes that the defaulted defendant was properly served and that the Court has jurisdiction, the Court must next consider whether default judgment is appropriate, considering seven factors set forth by the Ninth Circuit: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy under the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In considering these factors, the Court takes all well-pleaded factual allegations in the complaint as true, except those concerning damages.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## III. DISCUSSION

### A. Service and Jurisdiction

Plaintiff filed proofs of service of the Summons and Complaint on Defendant Gustavo Gutierrez, both personally and as agent for service of process for Defendant Mangos Mexican Grill.  ECF Nos. 14, 15 (proofs of service).  A sworn proof of service "constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *S.E.C. v. Internet Sols. for Bus., Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394 (7th Cir. 1993)).  Accordingly, based on the sworn proofs of service filed by Plaintiff, the Court concludes that service was proper.

3

The Court has subject matter jurisdiction over this matter because federal statutes are at issue, and the Court can exercise supplemental jurisdiction over the state law claims. 28 U.S.C. §§ 1331, 1367. The requirement of personal jurisdiction is also satisfied because Defendants were served, reside, and do business in California. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880-81 (2011).

### B. *Eitel* Factors

Having concluded that the threshold requirements of service and jurisdiction are met, the Court considers the *Eitel* factors. For the reasons discussed below, the *Eitel* factors support default judgment on both of Plaintiff's claims.

The first *Eitel* factor weighs in favor of the entry of default. If the motion for default judgment were to be denied, then Plaintiff would likely be left without a remedy given Defendants' failure to appear or otherwise defend this action. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The sixth factor also weighs in favor of the entry of default as Plaintiff properly served Defendants and there is no evidence in the record that Defendants' failure to appear and otherwise defend this action was the result of excusable neglect. *See* ECF Nos. 14, 15.

Factor four, the amount of money at stake in the action is neutral. In the Complaint, Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); $100,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); full costs including reasonable attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii); $10,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii); $50,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(B); full costs pursuant to 47 U.S.C. § 553(c)(2)(C); reasonable attorneys' fees pursuant to 47 U.S.C. § 553(c)(2)(C); compensatory, punitive, and exemplary damages for conversion; and restitution, declaratory relief, and injunctive releif pursuant to California Business and Professions Code § 17200. *See* Compl. In the instant motion, however, Plaintiff is not pursuing relief under 47 U.S.C. § 605 or California Business and Professions Code § 17200. *See* Mot. Plaintiff is seeking $2,500 and $15,000 for violations pursuant to 47 U.S.C. §§ 553(c)(3)(A)(ii) and (c)(3)(B), respectively. Mot. at 3. Plaintiff is also seeking $550 in damages for conversion. Mot. at 3.

4

1  While this request is far from trivial, the damages sought are statutory and the amount is left to the
2  Court's discretion.  The fifth factor is neutral.  Because Defendants have not answered the
3  Complaint or otherwise appeared in this action, the possibility of a dispute concerning material
4  facts is unknown.

5  The seventh *Eitel* factor—balancing the policy consideration that whenever reasonably
6  possible cases should be decided on their merits—weighs against default judgment.  *Eitel*, 782
7  F.2d at 1472.

8  Having determined that on balance *Eitel* factors one, four, five, six, and seven support
9  Plaintiff's motion for default judgment, the Court turns to the merits of Plaintiff's substantive
10 claims and the sufficiency of the evidence—the second and third *Eitel* factors.  These factors
11 require Plaintiff to state a claim on which it may recover.  *Kloepping v. Fireman's Fund*, No. C
12 94–2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (citing *Danning v. Lavine*, 572
13 F.2d 1386, 1388 (9th Cir. 1978)).  "Upon entry of a default judgment, facts alleged to establish
14 liability are binding upon the defaulting party."  *Danning*, 572 F.2d at 1388.  "However, it follows
15 from this that facts which are not established by the pleadings of the prevailing party, or claims
16 which are not well-pleaded, are not binding and cannot support the judgment."  *Id*.

17 Plaintiff makes claims for (1) violation of 47 U.S.C. § 553 and (2) conversion.  Plaintiff
18 has sufficiently alleged a basis for relief under 47 U.S.C. § 553.  Plaintiff has established through
19 Galvez's Declaration, *see* Affiant Decl., that Defendants exhibited the Program without
20 permission.  *See J & J Sports Prods., Inc. v. Coria*, No. C 12–05779 JSW, 2015 WL 1089044, at
21 *4 (N.D. Cal. Feb. 27, 2015); *J & J Sports Prods., Inc. v. Segura*, No. C 12–01702 JSW, 2014 WL
22 1618577, at *4 (N.D. Cal. Apr. 21, 2014); *J & J Sports Prods., Inc. v. Man Thi Doan*, No. C-08-
23 00324 RMW, 2008 WL 4911223, at *3 (N.D. Cal. Nov. 13, 2008).  In particular, Galvez states
24 that he observed Plaintiff's Program being displayed inside Mangos Mexican Grill.  Affiant Decl.
25 at 2.  He noted that they were showing the Program on six televisions on the second floor of the
26 establishment.  Affiant Decl. at 2.  The Court finds that Plaintiff has adequately stated a claim
27 under 47 U.S.C. § 553.  *See Danning*, 572 F.2d at 1388.
28 While the above is sufficient to hold Mangos Mexican Grill LLC liable, whether Mr.

1 Gutierrez may be held liable for the violation of § 553 in his individual capacity must be
2 examined. A Defendant is vicariously liable and therefore jointly liable for a violation of § 553 if
3 he "(1) . . . had a right and ability to supervise the infringing activities and (2) had an obvious and
4 direct financial interest in those activities." *J & J Sports Prods., Inc. v. Walia*, No. 10-5136 SC,
5 2011 WL 902245, at *3 (N.D. Cal. Mar. 14, 2011); *see also J & J Sports Prods., Inc. v. Mikhael*,
6 No. SA CV 14-01463 WDK-PLA, 2016 WL 2984191, at *2 (C.D. Cal. May 19, 2016). Mr.
7 Gutierrez was the sole Manager / Member of Mangos Mexican Grill LLC and the sole individual
8 identified as an officer (member) and stockholder of Mangos Mexican Grill LLC on the California
9 Department of Alcoholic Beverage Control license. *See* Compl. ¶¶ 9-10; Declaration of Thomas
10 P. Riley, ECF No. 22-4 ("Riley Decl."), Exs. 1-5. Plaintiff alleges that Mr. Gutierrez, as an
11 individual, had the right, ability, and obligation to supervise the activities of Mangos Mexican
12 Grill on the night of the Program at issue. Compl. ¶¶ 11-12. Plaintiff further alleges that Mr.
13 Gutierrez directed or permitted the employees of Mangos Mexican Grill to unlawfully intercept,
14 receive, and publish Plaintiff's Program. Compl. ¶ 13. Finally, Plaintiff alleges that Mr. Gutierrez
15 had a direct financial interest in the activities of Mangos Mexican Grill and that the broadcast of
16 Plaintiff's Program, as supervised by him, resulted in increased profits for Mangos Mexican Grill.
17 Compl. ¶¶ 14-15. These allegations are sufficient to establish vicarious liability for Mr. Gutierrez.
18 *See G & G Closed Cir. Events, LLC v. Pacheco*, No. 3:19-CV-1761-CAB-LL, 2020 WL
19 13469799, at *2 (S.D. Cal. Jan. 7, 2020) (applying the above standard to hold individual defendant
20 vicariously liable for a 47 U.S.C. § 605 violation).

21 Plaintiff has also stated a claim for relief for conversion under California Civil Code
22 § 3336. The elements of a conversion claim in California are "[(1)] ownership or right to
23 possession of property, [(2)] wrongful disposition of the property right and [(3)] damages." *G.S.*
24 *Rasmussen & Assocs. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992). Plaintiff
25 alleges ownership over the nationwide distribution rights for the Program, Defendants'
26 misappropriation of this ownership right through the intentional and unlawful interception of the
27 Program, and damages. *See* Compl. According to Plaintiff's Affidavit, the commercial sublicense
28 fee to broadcast the Program would have cost Defendants $550. Affidavit of Doug Jacobs, ECF

6

No. 22-3 ("Jacobs Aff.") ¶ 8.

In sum, the *Eitel* factors weigh in favor of entering default judgment against both Defendants with respect to Plaintiff's claims under 47 U.S.C. §553 and for conversion. Accordingly, the Court GRANTS Plaintiff's Motion for Default Judgment.

## IV.  RELIEF TO BE AWARDED

A plaintiff is required to prove all damages sought in the complaint. *See Heidenthal*, 826 F.2d at 917-18. Additionally, no relief sought may be different in kind, or exceed in amount, that which is demanded in the pleadings. *See* Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the pleadings, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### A.  Damages Pursuant to 47 U.S.C. § 553

Under 47 U.S.C. § 553(c)(3)(A)(ii), Plaintiff is entitled to damages of no less than $250, but no more than $10,000, in an amount the Court considers just. "The Court may also enhance the award of damages by up to $50,000 if it finds that the conduct was 'committed willfully and for the purposes of commercial advantage or financial gain.'" *J & J Sports Prods., Inc. v. Seldner*, No. 10–5137 TEH, 2011 WL 2650961, at *2 (N.D. Cal. July 6, 2011) (quoting 47 U.S.C. § 553(c)(3)(B)).

District courts consider different factors in determining damages, including "use of cover charge, increase in food price during programming, presence of advertisement, number of patrons, number of televisions used, and impact of the offender's conduct on the claimant." *J & J Sports Prods., Inc. v. Concepcion*, No. C 10–05092 WHA, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011); *see, e.g., G & G Closed Cir. Events LLC v. Govan*, No. C 13–05488 SI, 2014 WL 2194520, at *1 (N.D. Cal. May 23, 2014) ("[T]hree separate head counts while Ms. Poblete was present showed the number of patrons present to be 14, 14, and 16 people, respectively. Thus, the record is unclear on whether the establishment actually profited from the violation." (internal citations omitted)). Courts also consider whether a defendant is a repeat offender. *See, e.g., J & J Sports Prods., Inc. v. Paniagua,* No. 10-CV-05141-LHK, 2011 WL 996257, at *2 (N.D. Cal. Mar.21, 2011) (awarding enhanced damages for a repeat offender). In addition, courts "may consider the

1    actual cost of a commercial license . . . , defendant's incremental profits, and the need to deter

2    piracy." *J & J Sports Prods., Inc. v. Mosley,* No. C-10-5126 CW (EMC), 2011 WL 2066713, at

3    *5 (N.D. Cal. Apr. 13, 2011); *see also J & J Sports Prods. v. Ho,* No. 10-CV-01883-LHK, 2010

4    WL 3912179, at *1 (N.D. Cal. Oct.5, 2010) ("A traditional method of determining statutory

5    damages is to estimate either the loss incurred by the plaintiff or the profits made by the

6    defendants." (citation omitted)).

7        Here, Plaintiff's papers acknowledge that certain hallmark enhancement factors (increased

8    food price, cover charge, or advertising) "are not implicated" in this case. Mem. at 15. Galvez's

9    Declaration does not suggest otherwise, and it states that only 10 patrons were present for each of

10   the three headcounts Galvez took while present at Defendants' establishment. Affiant Decl. at 2.

11   The Court finds that the record is unclear on whether Defendants actually profited from the

12   violation. In addition, there is no showing that Defendants advertised the Program prior to the

13   broadcast or that Defendants have engaged in prior violations. *See* Affiant Decl. at 2.

14       In light of all of the above, the Court finds that an award of modest damages would be just

15   in this case. Accordingly, the Court AWARDS Plaintiff $550 in statutory damages under

16   § 553(c)(3)(A)(ii), which represents the cost of the commercial sublicense fee to broadcast the

17   Program according to the Jacobs Affidavit. Jacobs Aff. ¶ 8; *see G & G Closed Cir. Events, LLC v.*

18   *Miller,* No. 20-cv-03545-SVK, Dkt. No. 31 at 7 (N.D. Cal. Mar. 29, 2021) ("The Court awards

19   Plaintiff $800 in statutory damages under Section 553(c)(3)(A)(ii), which represents the cost of

20   the commercial sublicense fee."); *J & J Sports Prods., Inc. v. Sergura*, No. C 12-01702 JSW, 2014

21   WL 1618577, at *5 (N.D. Cal. Apr. 21, 2014) (awarding statutory damages equal to the cost of a

22   commercial license where the establishment was half-full, there was no cover charge, and there

23   was no indication that food or beverage prices increased as a result of the unlawful broadcast); *J &*

24   *J Sports Prods., Inc. v. Wood*, No. 11-cv-1160 PJH (JSC), 2011 WL 6961334, at *6 (N.D. Cal.

25   Nov. 2, 2011) ("[T]he Court recommends awarding Plaintiff $2,000 in statutory damages under 47

26   U.S.C. § 553(c)(3)(A)(ii) representing Plaintiff's actual losses based on the license fee.").

27       With respect to enhanced damages, the Court finds that evidence supports an inference that

28   Defendants acted willfully in intercepting and exhibiting the Program. *See* 47 U.S.C. §

8

553(c)(3)(B); *Sergura*, 2014 WL 1618577, at *5. And Defendants benefitted from the illegal interception by avoiding paying the licensing fee and presumably attracting additional patrons who spent more time in the establishment watching the Program. *See* 47 U.S.C. § 553(c)(3)(B); *Sergura*, 2014 WL 1618577, at *5; *Wood*, 2011 WL 6961334, at *6. Nonetheless, Plaintiff's enhanced damages request far exceeds comparable awards by courts in this district. *See Sergura*, 2014 WL 1618577, at *5 (awarding "$2,400 in enhanced damages, which is double the statutory award"); *Wood*, 2011 WL 6961334, at *6 ("In light of Defendant's affirmative misconduct and in order to deter future willful violations, the Court recommends imposing an enhanced damages award of $5,000."). In light of these cases and Defendants' affirmative misconduct, and in order to deter future willful violations, the Court AWARDS Plaintiff $1,100 in enhanced damages, which is double the statutory award.

### B. Damages for Conversion

Plaintiff also seeks $550 in damages for conversion. Mot. at 3. As stated above, the elements of conversion are (1) ownership of a right to possession of property; (2) wrongful disposition of the property right of another, and (3) damages. *See G.S. Rasmussen & Assoc*, 958 F.2d at 906. Plaintiff alleges ownership over the nationwide distribution rights for the Program, Defendants' misappropriation of this ownership right through the intentional and unlawful interception of the Program, and damages. *See* Compl. The commercial sublicense fee to broadcast the Program would have cost Defendants $550. Jacobs Aff. ¶ 8. Plaintiff's request is appropriate and the Court AWARDS Plaintiff $550 in damages for conversion.

### C. Costs and Attorney's Fees

Reasonable attorneys' fees and costs may be awarded pursuant to 47 U.S.C. § 553(c)(2). Plaintiff's motion requests the opportunity to submit evidence in support of its recovery of attorneys' fees and relevant costs. Mot. at 3. Plaintiff SHALL file a properly supported request for reasonable attorneys' fees and costs within 14 days of this Order.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Default Judgment is GRANTED as to the claims under 47

9

U.S.C. § 553 and for conversion;

    2.    The Court AWARDS Plaintiff $2,200 in damages ($550 in statutory damages, $1,100 in enhanced damages, and $550 for conversion damages); and

    3.    Plaintiff SHALL file a properly supported request for reasonable attorneys' fees and costs within 14 days of this Order.

Dated: June 23, 2023

_____
BETH LABSON FREEMAN
United States District Judge