UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GUSTAVO J. GUTIERREZ, et al.,<br><br>Defendants. | Case No. 22-cv-05793-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Re: ECF No. 25] |

On June 23, 2023, the Court granted Plaintiff Innovative Sports Management, Inc.'s motion for default judgment in this commercial piracy case. *See* ECF No. 23. The Court awarded Plaintiff $2,200 in damages for conversion and pursuant to 47 U.S.C. § 553. ECF No. 23 at 10. On July 7, 2023, Plaintiff filed an application for attorneys' fees and costs pursuant to 47 U.S.C. § 553(c)(2)(C). ECF No. 25. Pursuant to Civil Local Rule 7–1(b), the Court finds this matter suitable for disposition without oral argument. The Court HEREBY VACATES the hearing scheduled for December 7, 2023. *See* ECF No. 26. For the following reasons, Plaintiff's application for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART.

I.  **LEGAL STANDARD**

47 U.S.C. § 553 provides, within the Court's discretion, for the recovery of costs and reasonable attorneys' fees to an aggrieved party who prevails. 47 U.S.C. § 553(c)(2)(C). To calculate the amount of attorneys' fees, the Court uses the "lodestar" method. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citing *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000)). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id.*

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986) (internal citations omitted). The district court must base its determination whether to award fees on its judgment as to whether "the work product . . . was both useful and of a type ordinarily necessary to advance the . . . litigation." *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003) (alterations in original) (quoting *Webb v. Bd. of Educ.*, 471 U.S. 234, 243 (1985)).

"In determining a reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive." *Defenbaugh v. JBC & Assocs., Inc.*, No. C-03–0651 JCS, 2004 WL 1874978, at *3 (N.D. Cal. Aug. 10, 2004) (citing *Chalmers*, 796 F.2d at 1210). Where there is no opposition to a motion, or where the instant action is routine or substantially similar to prior actions brought by the same attorney, a court may find requests for attorneys' fees excessive. *See, e.g.*, *Owens v. Brachfeld*, No. C 07–4400 JF (PVT), 2008 WL 5130619, at *2 (N.D. Cal. Dec. 5, 2008) (reducing requested hours on basis that defendants did not oppose the summary judgment or fee motions, that motions were "a matter of course in [the attorney's] practice," and that the summary judgment motion was "almost identical" to one filed in another case); *Sanchez v. Bank of Am.*, No. 09–5574 SC, 2010 WL 2382347, at *5 (N.D. Cal. June 10, 2010) (reducing number of reasonable hours given that defendant had "defended itself in near-identical prior actions by other plaintiffs' represented by the same attorney).

## II. DISCUSSION

### A. Fees

Plaintiff's request for $4,025.55 in fees was calculated based on a timesheet in the Declaration of Thomas P. Riley that outlines the billable hours spent on the case. Riley Decl., ECF No. 25-1, Ex. 1. However, this amount is not the product of contemporaneous time records. Rather, Plaintiff states: "Billable hours for legal services rendered are reconstructed by way of a

1  thorough review of the files themselves. Having handled thousands of commercial signal piracy
2  files over the last two plus decades, we are most capable of calculating billable hours for legal
3  services rendered." Riley Decl. ¶ 7. Thus, the timesheet documenting billable tasks in the Riley
4  Declaration is a reconstruction of 55 billing entries based on counsel's review of the case file and
5  yields the following totals:

- Lead Attorney time: 3.05 hours at $600/hour = $1,830.
- Research Attorney time: 3.75 hours at $325/hour = $1,218.75
- Administrative Assistant: 8.14 hours at $120/hour = $976.80

As an initial matter, the Court finds that Plaintiff requested reasonable hourly rates. *See Innovative Sports Mgmt., Inc. v. Arias*, No. C 22-05773 WHA, 2023 WL 4238494, at *1 (N.D. Cal. June 27, 2023) (approving hourly rates of $600 for Attorney Riley and $325 for a research attorney as reasonable); *J & J Sports Prods., Inc. v. Campos*, No. 5:13-CV-04257-BLF, 2014 WL 3593591, at *5 (N.D. Cal. July 18, 2014) ("The Court finds the hourly rates of $500, $275, and $200 to be reasonable for an attorney, associate attorney, and paralegal, respectively, of similar experience in the Northern District of California.").

Plaintiff's billing records, however, fall short of the type of detailed time records courts require. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 438 n. 13 (1983) ("[T]he District Court properly considered the reasonableness of the hours expended and reduced the hours of one attorney by thirty percent to account for his inexperience and failure to keep contemporaneous time records."). Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable and susceptible to time inflation. The Court further finds that some billing entries represent unnecessary expenditures and others overstate the amount of time reasonably attributable to the activity. As a general matter, the Court also highlights that Plaintiff's request far exceeds attorney fees awards in similar matters. *See, e.g., J & J Sports Prods., Inc. v. Concepcion*, No. C 10-05092 WHA, 2011 WL 2220101, at App. (N.D. Cal. June 7, 2011) (summarizing fee awards in similar cases); *G & G Closed Cir. Events, LLC v. Kim Hung Ho*, No. 11-CV-03096-LHK, 2012 WL 3043018, at *3 (N.D. Cal. July 25, 2012) (awarding $1,457.75 in fees under 47 U.S.C. § 605); *J & J Sports Prods., Inc. v. Mosley*, No. C-10-5126 CW

3

1  (EMC), 2011 WL 2066713, at *7 (N.D. Cal. Apr. 13, 2011), *report and recommendation adopted*,

2  No. C 10-5126 CW, 2011 WL 2039374 (N.D. Cal. May 25, 2011) (awarding $1,566.23 in fees

3  under 47 U.S.C. § 553).

4        Given the foregoing, the Court finds it justified to reduce the requested fees award by

5  twenty-five percent. *See Arias*, 2023 WL 4238494, at *2; *G & G Closed Cir. Events, LLC v.*

6  *Segura*, No. C 20-07576 WHA, 2021 WL 4978456, at *2 (N.D. Cal. Sept. 28, 2021) (citing

7  *Hensley*, 461 U.S. at 439 n.13; *Kim Hung Ho*, 2012 WL 3043018, at *2; *Joe Hand Promotions,*

8  *Inc. v. White*, No. C 11-1331 CW, 2011 WL 6749065 (N.D. Cal. Dec. 23, 2011); *G&G Closed*

9  *Cir. Events, LLC v. Hernandez*, No. 20-CV-2112-MMA (RBB), 2021 WL 3290422, at *2 (S.D.

10  Cal. Aug. 2, 2021)). Plaintiff requests a total of $4,025.55 in attorneys' fees, so a 25% reduction

11  thus brings the total amount to $3,019.16.

12        Finally, the Court declines to award fees for any work billed by the administrative

13  assistant. "An award of fees for time spent by an administrative assistant is not consistent with the

14  practice in the Northern District of California." *Campos*, 2014 WL 3593591, at *5. Rather,

15  "[s]uch fees should be subsumed in firm overhead." *Id.* (citing *Nadarajah v. Holder*, 569 F.3d

16  906, 921 (9th Cir. 2009)); *see also J & J Sports Prods., Inc. v. Medoza-Lopez*, No. 17-cv-06421-

17  YGR (JSC), 2018 WL 5099262, at *2 (N.D. Cal. Aug. 13, 2018), *report and recommendation*

18  *adopted sub nom.* No. 17-CV-06421-YGR, 2018 WL 5099235 (N.D. Cal. Sept. 26, 2018).

19  Accordingly, the Court further reduces Plaintiff's request by $976.80.

20        The Court AWARDS Plaintiff $2,042.36 in attorneys' fees.

21        **B.**    **Costs**

22        Plaintiff seeks costs in the amount of $1,353.35, consisting of $402.00 for the complaint

23  filing fee, $192.50 for service of process charges, $58.85 for courier chargers, and $700.00 for

24  investigative expenses. Riley Decl., Ex. 1 at 4. The Court finds that costs should be limited to the

25  complaint filing fee and the service of process charges. *See Campos*, 2014 WL 3593591, at *5;

26  *see also J & J Sports Prods., Inc. v. Rodriguez*, No. 5:13-CV-05551-BLF, 2014 WL 2931218, at

27  *4 (N.D. Cal. June 27, 2014); Civ. L.R. 54-3(a)-(h). Thus, the request for investigative expenses

28  and courier charges in the aggregate amount of $758.85 is denied. The Court AWARDS $594.50

United States District Court
Northern District of California

4

1   in costs.

2   **III.   CONCLUSION**

3   The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorneys'

4   fees and costs.  The Court AWARDS Plaintiff $2,636.86 in reasonable attorneys' fees and costs.

5   IT IS SO ORDERED.

7   Dated:  July 20, 2023

_____
BETH LABSON FREEMAN
United States District Judge