**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUSTAVO J. GUTIERREZ, et al., <br><br> Defendants. | Case No. 22-cv-05793-BLF <br><br> **ORDER STAYING CASE** |

Before the Court is Plaintiff Innovative Sports Management, Inc.'s response, ECF No. 33, to the Court's order to show cause, ECF No. 32, which requests that the Court not vacate its Order Granting in Part Motion for Default Judgment, *see* ECF No. 23, and the Judgment, *see* ECF No. 24, and that the Court stay the case for thirty days. For the reasons described below the Court GRANTS Plaintiff's request.

**I. BACKGROUND**

On August 7, 2023, Plaintiff filed a notice of order and order to show cause, which informed the Court of an order against Plaintiff in *Innovative Sports Mgmt., Inc. v. Portocarrero*, No. CV 19-08726 (C.D. Cal.), which vacated a default judgment in Plaintiff's favor because Plaintiff's New Jersey certificate of incorporation was revoked in 2015. ECF No. 31 at 3. The *Portocarrero* order states that "pending further order of the Court, Innovative Sports Management, Inc. shall not file any new lawsuit, shall immediately cease prosecuting all pending lawsuits in all courts, and shall immediately cease enforcing any outstanding judgment it has obtained." *Id.* at 7.

In response to Plaintiff's notice, this Court ordered Plaintiff to show cause why the Order Granting in Part Motion for Default Judgment, *see* ECF No. 23, and the Judgment, *see* ECF No. 24, should not be vacated and the case dismissed with prejudice. ECF No. 32. Plaintiff's response

1  indicates that Plaintiff has been reinstated as a valid New Jersey corporation and its status is

2  retroactive to the date of revocation.  ECF No. 33.  Plaintiff further requests a stay of this case for

3  30 days pending further order in *Portocarrero* on Plaintiff's ability to prosecute other matters.  *Id.*

## II. DISCUSSION

The Court will reserve final determination whether the judgment should be vacated and whether this case should be dismissed with prejudice and will grant Plaintiff's request for a stay. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  The Court's power to enter a stay pending independent proceedings "applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863–64.

> In considering a motion to stay, the court must consider several factors, including: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and eventual resolution of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.

*Bao v. Page*, No. 19-CV-00314-JSW, 2020 WL 1671556, at *2 (N.D. Cal. Feb. 5, 2020) (citing *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006)).

The Court finds that these factors favor granting the stay.  First, although the Court has entered a default judgment and granted Plaintiff attorneys' fees and costs, the late stage of the proceeding does not weigh strongly against a stay because no discovery was conducted, and no trial was set.  Second, a stay would simplify the issues.  Whether the judgment should be vacated and whether this case should be dismissed are issues that turn on the effect of Plaintiff's reinstatement as a valid New Jersey Corporation on lawsuits, such as this one, that were brought between 2015 and 2023.  Those issues are likely to raised and decided in *Portocarrero*. Moreover, because the *Portocarrero* order prohibits Plaintiff from further prosecuting this case or enforcing the judgment, a stay will simplify the resolution of this case because it would resolve

whether Plaintiff is relieved of the consequences of the *Portocarrero* order. It would be a waste of judicial resources for this court to decide Plaintiff's pending motion to alter the judgment if that judgment cannot be enforced. *See* ECF No. 29. Third, a stay would not unduly prejudice or present a clear tactical disadvantage to the nonmoving party. A stay would not tactically disadvantage Defendants, who failed to appear or otherwise respond to the summons, and any prejudice caused by a stay will be brief. Plaintiff is to appear in *Portocarrero* on September 11, 2023, which is two weeks from today. Further, Plaintiff might be prejudiced by the risk of conflicting rulings should this Court decline to stay proceedings. *See Bao*, 2020 WL 1671556, at *2 ("On balance, the Court finds that the potential prejudice to Defendants that could result from conflicting rulings outweighs any potential prejudice Plaintiffs may suffer from a temporary stay.").

## III.   ORDER

The Court GRANTS Plaintiff's request for a limited stay. The Court ORDERS that this case will be stayed pending further order in *Innovative Sports Mgmt., Inc. v. Portocarrero*, No. CV 19-08726 (C.D. Cal.). Plaintiff shall file a status report on proceedings in *Portocarrero*, which shall attach any written decision regarding Plaintiff's ability to prosecute or enforce the judgment in this case, no later than September 27, 2023.

**IT IS SO ORDERED.**

Dated: August 28, 2023

_____
BETH LABSON FREEMAN
United States District Judge