UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GUSTAVO J. GUTIERREZ, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-05793-BLF<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: ECF No. 29 |

Plaintiff Innovative Sports Management, Inc. ("Plaintiff") brought the instant action against Defendants Gustavo J. Gutierrez and Mangos Mexican Grill LLC (together, "Defendants"), alleging that Defendants unlawfully intercepted and exhibited a program to which Plaintiff had secured the exclusive rights for commercial distribution. *See* Compl., ECF No. 2. Based on this alleged conduct, Plaintiff brought claims for conversion and violations of 47 U.S.C. § 553, 47 U.S.C. § 605, and California Business and Professions Code §§ 17200, *et seq*. *See id.* ¶¶ 17–49, ECF No. 2. Defendants were both served with the Complaint on December 7, 2022, and their deadline to respond fell on December 28, 2022. *See* Proofs of Service, ECF Nos. 14, 15. To date, Defendants have not responded or otherwise appeared in this action. Plaintiff moved for entry of default on January 4, 2023, and the Clerk of Court entered default against Defendants on January 9, 2023. *See* ECF Nos. 16, 17.

On March 2, 2023, Plaintiff moved for default judgment on his claims for conversion and violation of 47 U.S.C. § 553, seeking $550 for the conversion claim, as well as $2,500 in statutory damages and $15,000 in enhanced damages for violation of 47 U.S.C. § 553. *See* ECF No. 22. On June 23, 2023, the Court issued an Order (the "Order on Default Judgment" or "Order") granting default judgment on both claims. *See* Default. J. Order, ECF No. 23. The Court awarded

1    relief in the amount of $2,200, consisting of (1) $550 in damages for conversion, and (2) $550 in

2    statutory damages and $1,100 in enhanced damages for violation of 47 U.S.C. § 553. *See id.* at 7–

3    9. The Court then entered judgment (the "Judgment") in favor of Plaintiff and against Defendants

4    in the amount of $2,200. *See* J., ECF No. 24.

5          Now pending before the Court is Plaintiff's Motion to Alter or Amend Judgment (the

6    "Motion"), brought under Federal Rule of Civil Procedure 59(e), in which Plaintiff requests that

7    the Court increase the damages awarded for violation of 47 U.S.C. § 553. *See* Mot. 1, ECF No.

8    29. Plaintiff timely filed the Motion on July 21, 2023. *See* Fed. R. Civ. P. 59(e) (requiring motion

9    to alter or amend judgment be filed within 28 days after entry of judgment). The Court finds the

10   Motion suitable for decision without oral argument, *see* ECF No. 40, and DENIES the Motion for

11   the following reasons.

12   **I.     LEGAL STANDARD**

13         A motion "under Rule 59(e) 'should not be granted, absent highly unusual circumstances,

14   unless the district court is presented with newly discovered evidence, committed clear error, or if

15   there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253,

16   1254 (9th Cir. 1999) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.

17   1999)). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:

18   (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment

19   rests; (2) if such motion is necessary to present newly discovered or previously unavailable

20   evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is

21   justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101,

22   1111 (9th Cir. 2011) (citing *McDowell*, 197 F.3d at 1255 n.1). Moreover, a Rule 59(e) motion

23   "may *not* be used to raise arguments or present evidence for the first time when they could

24   reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos*

25   *Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Est. of*

26   *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471,

27   485 (2008) (noting Rule 59(e) "may not be used to relitigate old matters, or raise arguments or

28   present evidence that could have been raised prior to entry of judgment") (citation omitted).

## II. DISCUSSION

Plaintiff argues that the Court should grant the Motion because the Court committed "clear error." Mot. 3. Specifically Plaintiff argues that the Court committed error to the extent it considered the absence of evidence of actual profit in its damages calculation, *see id.* at 3–5, and that the Court's damages award should be increased to account for deterrence and to be consistent with other awards in this district, *see id.* at 5–9. The Court addresses each argument in turn.

### A. Impact of Evidence of Actual Profit on Damages Award

In its Order on Default Judgment, the Court awarded statutory damages of $550 under 47 U.S.C. § 553(c)(3)(A)(ii), which entitles a plaintiff to an award "in a sum of not less than $250 or more than $10,000 as the court considers just." *See* Default J. Order 7–8; 47 U.S.C. § 553(c)(3)(A)(ii). In evaluating the relief to be awarded, the Court found that the record was "unclear on whether Defendants actually profited from the violation." Default J. Order 8. Plaintiff argues that the Court committed clear error to the extent that this finding impacted the Court's damages analysis in any meaningful way, on the grounds that Plaintiff was not required to establish Defendants' actual profit and that the evidence supported a reasonable inference of profit. *See* Mot. 3–5.

The Order on Default Judgment does not state that Plaintiff was required to establish actual profit, as shown not least by the fact that the Court awarded Plaintiff statutory damages without such a showing. *See* Default J. Order 7–8. Rather, the Order explains that "[d]istrict courts consider different factors in determining damages" under 47 U.S.C. § 553(c), such as an increase in food price during programming, number of patrons, and number of televisions used, *see id.* at 7 (citations omitted), and that a defendant's profits are one of the factors a court may consider. *See id.* at 7–8 (citing, *e.g.*, *J & J Sports Prods. v. Ho*, No. 10-CV-01883-LHK, 2010 WL 3912179, at *1 (N.D. Cal. Oct.5, 2010) ("A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants.")). The Order then evaluates the relevant factors, and in doing so notes the lack of clarity in the record regarding Defendants' profit. *See id.* at 8 (discussing evidence or lack thereof with respect to increased food price, cover charge, advertising, number of patrons, Defendants' profit, and prior violations).

3

Nothing in the Order on Default Judgment suggests that the Court conducted a clearly erroneous damages analysis by requiring Plaintiff to show actual profits, and in fact the Court did not require such a showing or reduce statutory damages based on an absence of evidence of Defendants' profits.  *See generally* Default J. Order.  Plaintiff also argues that it was entitled to a reasonable inference of profit, but does not point to any part of the Order that might contradict this statement—nor can Plaintiff, when the Order nearly mirrors the language cited by Plaintiff in the Motion.  *Compare* Mot. 4 ("It is obvious that commercial establishments show sports programs to draw business, not out of charity.") (quoting *J&J Sports Prods., Inc. v. Beck*, No. L–13–57, 2013 WL 5592333, at *3 (S.D. Tex. Oct. 9, 2013), *with* Default J. Order 9 ("Defendants benefitted from the illegal interception by . . . presumably attracting additional patrons who spent more time in the establishment watching the Program.").  Plaintiff even cites this sentence of the Order in its Motion and states that it "recognizes that the discussion of 'actual profit' may not have played a significant role, if any, in the Court's damages analysis."  Mot. 3 n.1.

Given these circumstances, the Court finds Plaintiff's argument on clear error with respect to the Court's consideration of Defendants' profits borders on the frivolous.  The Court will deny the Motion on this ground.

### B. Deterrence and Consistency Within District

Plaintiff next argues that the Court's damages award should be increased to better deter future telecast piracy and to be consistent with other courts in this district.  *See* Mot. 5–9.  These arguments boil down to the sentiment that "the damages award itself is insufficient to accomplish that goal."  *Id.* at 5.  What Plaintiff fails to do is show that the Court committed "clear error."  *See, e.g.*, *J & J Sports Prods., Inc. v. Lorenzana*, No. 13–cv–05554, 2014 WL 4961809, at *1 (N.D. Cal. Sept. 30, 2014) ("Plaintiff, however, fails to meet the requirements of Rule 59(e), specifically failing to show that the Court committed 'clear error.'  Plaintiff simply disagrees with the balance struck by the Court in determining the damages award.").  Plaintiff cites no binding authority and makes no argument beyond reciting summaries of other cases—including cases the Court considered in the Order on Default Judgment—that resulted in higher awards.  *See id.* at 5–9 (citing, among others, *J & J Sports Prods., Inc. v. Wood*, No. 11-cv-1160 PJH (JSC), 2011 WL

4

6961334, at *6 (N.D. Cal. Nov. 2, 2011); *J & J Sports Prods., Inc. v. Segura*, No. C 12–01702 JSW, 2014 WL 1618577, at *4 (N.D. Cal. Apr. 21, 2014)); *see also* Default J. Order 9 (citing same cases).

Plaintiff's best argument for "clear error" is that the Court's award is at odds with the "guidance" provided by the Ninth Circuit in *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347 (9th Cir. 1999), although Plaintiff acknowledges that the case is "not controlling." *See* Mot. 6. *Kingvision* does not constitute even persuasive authority here. In that case, the Ninth Circuit found that that the district court could properly "exercise its discretion to reduce the judgment," although the holder of a default judgment award was entitled to the opportunity to be fully heard. 168 F.3d at 350. "As such, [*Kingvision*] is hardly controlling or persuasive case law mandating a higher award." *J & J Sports Prods., Inc. v. Salgadobarajas*, No. 13–cv–05557, 2014 WL 5077160, at *2 (N.D. Cal. Oct. 9, 2014).

Accordingly, the Court finds that Plaintiff has not met its burden of demonstrating "clear error" in the Court's award based on deterrence or consistency with other courts in this district, and will deny Plaintiff's Motion on this ground. The Court emphasizes that it finds its initial award of $2,200 is a considerable penalty for a small business, and that the award is sufficient to serve as both a specific deterrent to Defendants—whose business seats at most 30 people, *see* Default J. Order 2—and a general deterrent for the conduct at issue. Lastly, the Court notes that the Ninth Circuit has instructed that Rule 59(e) is "to be used sparingly in the interests of finality and conservation of judicial resources," *Kona Enterps., Inc.*, 229 F.3d at 890, and that, given the weakness of Plaintiff's arguments, it does not appear that Plaintiff has used the Rule as intended.

## III.   ORDER

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion to Alter or Amend Judgment is DENIED, and the original judgment is hereby AFFIRMED.

**IT IS SO ORDERED.**

Dated: December 6, 2023

Beth Labson Freeman
United States District Judge